UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR BOWKER,<br><br>                         Plaintiff,<br><br>v.<br><br>M/V TATÚ *et al.*,<br><br>                        Defendants. | Case No.: 18-CV-1986-WQH(WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR ISSUANCE OF WARRANT *IN REM* THEREBY**<br>   **(a) ISSUING ARREST WARRANT IN REM;**<br>   **(b) DIRECTING UNITED STATES MARSHAL TO ARREST VESSEL;**<br><br>**(2) GRANTING MOTION FOR SUBSTUTITUTE CUSTODIAN THEREBY**<br>   **(a) APPOINTING NATIONAL MARITIME SERVICES AS SUBSTUTITE CUSTODIAN;**<br>   **(b) PERMITTING CUSTODIAN TO MOVE VESSEL, IF NECESSARY; and**<br><br>**(3) GRANTING MOTION FOR EXPEDITED DISCOVERY AND APPOINTING APPRAISER.**<br><br>**[Doc. Nos. 4, 5 &6.]** |

**A.    (Doc. No. 4.) Emergency Motion for the Issuance of a Warrant of Arrest and Order Directing the U.S. Marshal to Arrest the M/V "Tatu"**

This matter is before the Court upon the emergency motion of Plaintiff, Taylor Bowker, for an Order authorizing the issuance of a warrant for the arrest of Defendant M/V Tatú, Official Number: 734665, her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, *in rem* (herein, collectively: "M/V Tatú" or "the Vessel") which Vessel is the subject of the instant admiralty action for the foreclosure of preferred maritime liens. The Court has reviewed the Verified Complaint and related documents filed in accordance with the requirements of Rule C(3) of the Supplemental Rules for Admiralty and Maritime Claims, as amended. It appears that Plaintiff has set forth therein a *prima facie* showing that an action *in rem* exists to support the issuance of an arrest warrant for the M/V Tatú.

"Maritime liens arise for the unpaid provision of necessaries, breaches of maritime contracts, unpaid seaman's wages, unpaid cargo freight, preferred ship mortgages, as well as in other circumstances." *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 919 (9th Cir. 2002); *see also Madeja v. Olympic Packer*, LLC, 155 F. Supp. 2d 1183, 1205 (D. Haw. 2001) ("Like other maritime liens, a seaman's wages lien . . . is enforceable in an action in rem.") (quoting *Governor & Co. of the Bank of Scot. v. Sabay*, 211 F.3d 261, 268 (5th Cir. 2000)).

"An action *in rem* may be brought . . . [t]o enforce any maritime lien." Fed. R. Civ. P., Supp. Admiralty Rule C(1)(a). To commence an action *in rem* against a vessel, the plaintiff must file a verified complaint that describes the vessel "with reasonable particularity" and states that the vessel "is within the district" or will be so "while the action is pending." Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2); *see Madeja v. Olympic Packers*, LLC, 310 F.3d 628, 637 (9th Cir. 2002). If the plaintiff meets these conditions, the district court must take the boat into custody—unless the plaintiff requests otherwise— by issuing an arrest warrant to be served by the marshal. *See* Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(3)(a)-(b), E(3)(b). The arrest warrant should issue "upon a prima facie

showing that the plaintiff has an action in rem against the defendant . . . and that the property is within the district." Fed. R. Civ. P., Supp. Admiralty Rule C, Advisory Committee Notes to 1985 Amendment.

This Court has reviewed Plaintiff's Verified Complaint and supporting papers, which describe the defendant Vessel with particularity and establish that it is currently located within this District at Shelter Island Marina, 2071 Shelter Island Drive, San Diego, CA 92106. Moreover, because plaintiff has made a *prima facie* showing that the conditions for a maritime *in rem* action exist, the requested Vessel arrest warrant must issue. Accordingly, the Court ORDERS as follows:

1. Pursuant to Supplemental Rule C(3)(a), the Court will separately issue a warrant for the arrest of the M/V Tatú. The Clerk of Court is directed to deliver said warrant, together with other appropriate process, to the United States Marshal for execution.

2. The United States Marshal, forthwith upon receipt of same, shall execute the aforesaid warrant for arrest against the M/V Tatú, her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, *in rem*, by affixing a copy of this Order and of the Summons and Verified Complaint, in a conspicuous place aboard said Vessel, and by leaving a copy of the same with the Master or other person having possession of said Vessel.

**B.     Doc. No. 5. Emergency Motion for the Appointment of A Substitute Custodian and Permission for the Custodian to Move the Vessel If Necessary for Security Reasons**

On August 27, 2018, the Verified Complaint was filed seeking the arrest of the M/V Tatú, Official Number: 734665, her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. The Vessel is located at Shelter Island Marina, 2071 Shelter Island Drive, San Diego, CA 92106.

On August 28, 2018, Plaintiff requested that the Court to issue a warrant of arrest commanding the United States Marshal for this District to arrest and take into custody the M/V Tatú until further Order of this Court respecting the same. It is contemplated that the United States Marshal will be able to seize the M/V Tatú, her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her. Custody of the Vessel with thereafter require the services of one or more keepers.

### Custodian for the M/V Tatú

After arrest, the Vessel will be kept within the Southern District of California. In the interest of allowing the equipment to remain in the hands of a competent person and to save unnecessary expenses, the Court GRANTS Plaintiff's request to appoint the following substitute custodian of the Vessel:

> National Maritime Services
> 2715 West Coast Hwy - Suite B
> Newport Beach, CA 92663
> Telephone: (949) 631-6715
> TeleFax: (954) 602-9246

(hereafter, "Substitute Custodian."). Substitute Custodian will charge a rate consistent with its normal rates for the custodial care of vessels as represented on Exhibit A attached to the Emergency Motion for the Appointment of a Substitute Custodian and Permission for the Custodian to Move the Vessel for Security Reasons, filed in this matter. (Doc. No. 5-1.)

Plaintiff and National Maritime Services in consideration of the Marshal's consent to the substitution of custody of the Vessel, have agreed to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel, from the time the Marshal transfers custody of the Vessel over to the Substitute Custodian, and Plaintiff and National Maritime Services further agree to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of Substitute Custodian's possession and safekeeping of the Vessel. The Substitute Custodian has also represented that it carries adequate liability insurance.

THEREFORE, IT IS HEREBY ORDERED that the United States Marshal be authorized and directed to surrender the possession and custody of the Vessel to National Maritime Services and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of the Vessel and held harmless for any and all claims arising whatsoever out of said substituted possession and safekeeping of the M/V Tatú.

IT IS FURTHER ORDERED that the M/V Tatú be allowed to be moved from the location of arrest and attachment to the premises of Substitute Custodian, or elsewhere, within this District as Substitute Custodian deems proper and necessary, in order to accommodate the orderly business of the Port and safekeeping of the Vessel. However, the Vessel may not be transported outside of the Southern District of California; it shall remain here at all times.

**C.	Doc. No. 6. Emergency Motion for Expedited Entry, Inspection and Appraisal of the M/V Tatú**

This matter is before the Court upon the Plaintiff's Emergency Motion for Expedited Entry, Inspection and Appraisal of the M/V Tatú. Local Civil Rule E(1)(d) provides that "[o]rders for the appraisement of arrested . . . property for the purpose of bonding and sale may be entered as a matter of course by the clerk of the district court at the request of any interested party." Plaintiff has made such a request. For good cause shown, the Court ORDERS that Christian & Co., 1276 Scott Street, San Diego, CA 92106 shall be appointed to board, enter, inspect, and examine the M/V Tatú for the purposes of appraisal of the Vessel. In the alternative, if Christian & Co. is unavailable, Todd & Associates, Inc., 2390 Shelter Island Drive Suite 220, San Diego, CA 92106 is appointed as the backup, secondary appraiser.

**IT IS SO ORDERED.**

DATED: August 29, 2018

Hon. William V. Gallo
United States Magistrate Judge